**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**R E C E I V E D**

**AUG 1 4 2018**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

LEE KENWORTHY as the administrator for the
ESTATE OF SHAYLING KENWORTHY and
LEE KENWORTHY, individually.

**COMPLAINT:**

Plaintiffs,

**JURY TRIAL - YES**

-against-

LYNDHURST POLICE DEPARTMENT;
OFFICER PHILIP REINA, in his individual
capacity; POLICE OFFICER HAGGERTY,
in his individual capacity, LYNDHURST CHIEF
OF POLICE JAMES O' CONNOR, in his
individual capacity; SERGEANT RICHARD
PIZZUTI, in his individual capacity; LYNDHURST
TOWNSHIP AMBULANCE SQUAD; TOWNSHIP
OF LYNDHURST; ROBERT MARTIN; ANN MARTIN;
RICHARD ANDERSON; LAUREN ANDERSON;
HOUSING AUTHORITY OF BERGEN COUNTY;
ADAPT PHARMA – Distributor of Naloxene.

Defendants.

| | | |
|---|---|---|
| **Plaintiff:** | Name | Lee Kenworthy |
| | Street Address | 72 CONSTITUTION BLVD |
| | County, City | OCEAN, WHITING |
| | State & Zip Code | NEW JERSEY 08759 |
| | Telephone Number | 609-815-1992 |

B.  **THE PARTIES AND FACTS COMMON TO ALL COUNTS**

1. Plaintiff, Lee Kenworthy is the husband and administrator ad prosequendum for his wife and Estate of Shayling Kenworthy.

2. Upon information and belief, defendant Lyndhurst Police Department is headquartered at 367 Valley Brook Avenue, Lyndhurst, New Jersey 07071.

3. Upon information and belief, Police Officer Reina is an individual employed at the Lyndhurst Police Department.

4. Upon information and belief, Police Officer Haggerty is an individual employed at the Lyndhurst Police Department.

5. Upon information and belief, Chief of Police James O'Connor is an individual employed at the Lyndhurst Police Department.

6. Upon information and belief, Sergeant Richard Pizzutti is an individual employed at the Lyndhurst Police Department.

7. Upon information and belief, the Lyndhurst Police Ambulance Squad is the ambulance squad for the Lyndhurst Township located at 297 Delafield Avenue, Lyndhurst, New Jersey, 07071.

8. The Township of Lyndhurst is a town in New Jersey with headquarters located at 367 Valley Brook Avenue, Lyndhurst, New Jersey 07071.

9. Upon information and belief, Robert and Ann Martin (hereinafter "Martins") are the owners of the premises located at 287 Castle Terrace, Lyndhurst, New Jersey 07071 and reside at 5 Duncan Street, Waldwick, New Jersey 07463.

10. Upon information and belief, defendant Housing Authority of Bergen County is headquartered at 1 Bergen County Plaza, 2nd floor, Hackensack, NJ 07601.

11. Upon information and belief, defendant Adapt Pharma is headquartered at 100 Matsonford Road, Building 4, Suite 201, Radnor, PA 19087.

## II.  **Basis for Jurisdiction:**

A.  What is the basis for federal   court jurisdiction? *(check all that apply)*

Federal Questions                                Diversity of Citizenship

U.S. Government Plaintiff                **X** U.S. Government Defendant

### III.    Statement of Claim:

1. Plaintiff and decedent rented an apartment from the defendant Anderson and Martins located at 287 Castle Terrace, Lyndhurst, New Jersey.

2. The apartment was in disrepair when rented, fully covered with animal fur, feces, and urine to which decedent had a terrible allergy to same.

3. Plaintiff and decedent continually complained to defendants however defendants refused and neglected to make the necessary repairs to the premises.

4. The Lyndhurst Police Department by not acting upon and file charges against the homeowner, Robert Martin, for his threats of retaliation, charges, and coming after plaintiff and decedent which he in fact orchestrated as is protocol to video record, document, and follow certain guidelines given the threat and service weapon presented did in fact put our welfare, safety, and emotional states of mind at risk and harm our outlook on what to do and how to get help. They willfully ignored a crime and furthermore obstructed justice causing the decedent and plaintiff to return to get our belongings out under fear, duress, and financial constraint rather than having the protection of the police. Their actions cost the decedent's family money in hotels for safety from their false allegations, charges of domestic violence which decedent, plaintiff, and eldest child all told the officers was a false report, as well as that decedent's mother and father are moving in other than the homeowner's threats which they were informed of was the main concern.

5. Either knowingly, willingly, or unwittingly did file false charges against plaintiff, decedent, and their family in line with the homeowner's threats to "turn up the heat" if plaintiff and decedent did not remain silent in homeowner's house and get him his money for three months, two not owed with knowing decedent's elderly parents with health issues and disabled were supposed to be moving in with decedent and family with the unhealthy conditions, unsafe in the house that the decedent and their youngest child are both showing symptoms of. Plaintiff and decedent could not continue living there for both safety and financial reasons unless it was addressed properly and professionally without

threats and intimidation in a lawyer's office in writing which were ready and prepared to do or pay the last months rent and leave, or to be put in writing.

6. On August 17, 2016, plaintiff and decedent were moving their items out of the apartment when decedent began to have an asthma attack due to the deteriorating conditions of the apartment.

7. The Lyndhurst Police Department were summoned by a 911 call and the individual defendant officers, Officer Reina and Officer Haggerty, arrived at the scene.

8. The individual officers offered no assistance to decedent as she was suffering from an acute asthma attack.

9. The Lyndhurst Ambulance Squad arrived and failed to perform any assistance to decedent while she was suffering from an asthma attack.

10. Plaintiff was eventually transferred to Meadowlands Medical Center where she was pronounced dead, however, decedent was dead at the premises wherein no medical treatment was provided.

## **FIRST COUNT**
### **(AS TO DEFENDANTS MARTINS AND ANDERSONS)**

1. Defendants Martin and Andersons were the owners of the property in question.

2. Defendants leased the apartment to the plaintiff, decedent, and their two children.

3. Defendants had a duty to provide the family with a safe and clean apartment.

4. The apartment was covered in animal fur, feces, and urine all of which were made known to the defendants.

5. As a result of the deplorable conditions of the apartment on August 17, 2016, decedent suffered an acute asthma attack due to the severe allergy she had with respect to animals.

6. The defendants failed, refused, and neglected to clean the apartment for decedent.

7. Due to the carelessness, recklessness, and negligence of defendants in failing to provide a clean apartment free of animal fur, feces, and urine, decedent was caused to suffer pain, asthma attacks, and on August 17, 2016, her death.

8. Robert Martin's involvement in sitting on a board for Bergen County Housing Authority, Jail, and Hospital should have been stated and disclosed as well as the house being government subsidized under the Housing Authority which plaintiff

and decedent were suing as the defendants were aware of the ongoing lawsuit.

**WHEREFORE, plaintiff demands judgment against the defendants as follows:**

    a) **Compensatory damages;**

    b) **Court costs;**

    c) **Interest;**

    d) **For such other relief as the Court deems just and proper.**

## <u>SECOND COUNT</u>

### (AS TO ALL PUBLIC ENTITIES and PUBLIC INDIVIDUAL DEFENDANTS)

1. Plaintiff repeats and alleges the foregoing paragraph as if more fully set forth herein.

2. On August 17, 2016, decedent was suffering from an acute asthma attack.

3. The public entity individuals and defendants arrived at the scene and witnessed decedent in a state of helplessness that could not breathe.

4. The defendants acted palpably unreasonable in failing to assist decedent while she was having an asthma attack.

5. Due to the recklessness, carelessness, gross negligence, and negligence of each of the defendants, plaintiff was caused to have pain and suffering resulting in her death.

6. As a direct and proximate cause of defendants' actions in failing to render aid to decedent, she died.

**WHEREFORE, plaintiff demands judgment against the defendants as follows:**

    a) **Compensatory damages;**

    b) **Court costs;**

    c) **Interest;**

    d) **For such other relief as the Court deems just and proper.**

## THIRD COUNT
## (AS TO THE INDIVIDUAL OFFICERS)

1. Decedent (hereinafter "Plaintiff") is an individual brings this action against defendant officers, in his individual capacity for monetary damages to redress her wrongful death. Plaintiff brings this action under New Jersey State Constitution and N.J.S.A. 10:6-2 for the wrongful death of his wife as a result of the defendant's actions. This is a civil action seeking damages against defendant for committing acts under the color of law, and depriving plaintiff of rights secured by the New Jersey State Constitution and N.J.S.A. 10-6:2.

2. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights privileges and immunities secured under the Constitution of and laws of the State of New Jersey, including, but not limited to his rights under N.J.S.A. 10-6:2 to be secure in their person, to be free from the wrongful death.

3. As a result of the aforesaid violations of decedent's right, decedent was caused to suffer pain including, but not limited to emotional distress, loss of enjoyment of life, and death.

4. Lyndhurst Police reports reflect discrepancies that illustrate a bigger problem than unwitting negligence as they have been written omitting the actual chain of events. The police report states they arrived to the house and the decedent was on the floor unresponsive when in fact the decedent and plaintiff both answered the door for the officer, ambulance was on site sitting outside and then let the 911 officer off the phone reflective in recordings which illustrated the police misconduct and falsification of reports/evidence.

5. Further evidence recorded and witness called is the Bergen County Prosecutor realizing this exact discrepancy in their story and actual evidence reports and stated he must now become a witness in the case as a result.

6. Lyndhurst Police Officers did negligently administer Naloxene to decedent thereby causing more breathing/respiratory issues as it is known to have negative even lethal effects on asthmatic patients.

7. Lyndhurst Police were improperly trained on the uses, side effects, and when to implement the use of Naloxene.

8. Lyndhurst Police had no reason to administer Naloxene as the call was for the decedent's suffering an asthma attack.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

    a) **Compensatory damages;**

    b) **Punitive damages;**

    c) **Interest;**

    d) **For such other relief as the Court deems just and proper.**

## FOURTH COUNT

### (AS TO HOUSING AUTHORITY OF BERGEN COUNTY)

1. Defendant negligent in their failure to properly inspect and pass the house as a government subsidized approved home as required by law.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

    a) **Compensatory damages;**

    b) **Punitive damages;**

    c) **Interest;**

    d) **For such other relief as the Court deems just and proper.**

## FIFTH COUNT

### (AS TO ADAPT PHARMA-PRODUCER OF NALOXENE)

1. Adapt Pharma in their rollout and training of officers in administering Naloxene did not properly inform officers or medical personnel of the detrimental and lethal effects their product has on people with asthma and respiratory issues, thereby causing harm and bodily injury by withholding side effects.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

    a) **Compensatory damages;**

    b) **Punitive damages;**

    c) **Interest;**

    d) **For such other relief as the Court deems just and proper.**

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ *14th* day of *August*, 20 *18* .

Signature of Plaintiff _____

Mailing Address _____ 72 CONSTITUTION BLVD _____

WHITING, NJ 08759

Telephone
Number              609-815-1992

E-mail
Address              iwasanamerican@gmail.com