UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| LEE KENWORTHY as the Administrator for the ESTATE OF SHAYLING KENWORTHY AND LEE KENWORTHY, Individually,<br><br>          Plaintiff,<br>vs.<br><br>LYNDHURST POLICE DEPARTMENT, OFFICER PHILIP REINA, in his individual capacity, LYNDHURST CHIEF OF POLICE JAMES O'CONNOR, in his individual capacity, SERGEANT RICHARD PIZZUTI, in his individual capacity, LYNDHURST TOWNSHIP AMBULANCE SQUAD, TOWNSHIP OF LYNDHURST, ROBERT MARTIN, ANN MARTIN, RICHARD ANDERSON, LAUREN ANDERSON, HOUSING AUTHORITY OF BERGEN COUNTY, ADAPT PHARMA – Distributor of Naloxene,<br><br>          Defendants. | Civil Action No.: 2:18-CV-12822-MCA-CLW<br><br><br>          Civil Action |

---

**BRIEF**

---

Of Counsel:
    Harry D. Norton, Jr., Esq.

On the Brief:
    Kelly P. Corrubia, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................... ii

STATEMENT OF FACTS ........................................... 1

LEGAL ARGUMENT ............................................... 2

POINT I

    THE DISTRICT COURT DOES NOT HAVE JURISDICTION AND
    THE COMPLAINT MUST BE DISMISSED ........................... 2

    A. THE UNITED STATES GOVERNMENT IS NOT A DEFENDANT ................. 3

    B. THE DISTRICT COURT LACKS JURISDICTION PURSUANT TO THE
    COLORADO RIVER DOCTRINE......................................... 3

    C. THE YOUNGER ABSTENTION DOCTRINE REQUIRES DISMISSAL OF THE
    COMPLAINT ...................................................... 4

POINT II

    THERE IS NO FEDERAL QUESTION ALLEGED IN THE
    COMPLAINT THAT WOULD GIVE RISE TO ORIGINAL
    JURISDICTION ............................................. 7

    A. FIRST COUNT ............................................. 7

    B. SECOND COUNT ........................................... 7

    C. THIRD COUNT ............................................ 8

    D. FOURTH COUNT ........................................... 8

    E. FIFTH COUNT ............................................ 8

POINT III

    THE LYNDHURST POLICE DEPARTMENT IS AN IMPROPER
    DEFENDANT ................................................ 8

CONCLUSION ................................................... 9

**TABLE OF AUTHORITIES**

PAGE

## Cases

Addiction Specialists, Inc. v. Twp.
of Hampton,
   411 F.3d 399 (3d Cir. 2005) .................................. 5

Brillhart v. Excess Ins. Co.,
   316 U.S. 491 (1942)) ....................................... 4

Colorado River Water Conservation
District v. United States,
   424 U.S. 800 (1976) ...................................... 3,4

Edelglass v. New Jersey,
   2015 U.S.Cist. LEXIS 5320, Civ.
   Action No.: 14-760 (D.N.J. Jan. 16,
   2015) ..................................................... 3

Gould Electronics, Inc. v. United
States,
   220 F.3d 169 (3d Cir. 2000) ............................. 2-3

Gulf Oil Corp. v. Gilbert,
   330 U.S. 501 (1947) ....................................... 4

Gwynedd Properties, Inc. v. Lower
Gwynedd Township,
   970 F.2d 1195 (3d Cir. 1992) .............................. 5

Liafom, LLC. V.  Big Fresh
Pictures,
   2011 U.S. Dist. LEXIS 95251, 2011 WL
   3841323, Civ. Action No. 10-0606
   (D.N.J. Aug. 24, 2011) .................................... 3

Middlesex County Ethics Committee
v. Garden State Bar Ass'n,
   457 U.S. 423 (1982) ....................................... 5

Pacific Live Stock Co. v. Oregon
Water Bd.,
   241 U.S.440 (1916) ........................................ 4

Padilla v. Twp. of Cherry Hill,
    110 Fed. App'x 272 (3d Cir. 2004) ............................9

Trafton v. City of Woodbury,
    799 F. Supp. 2d 417 (D.N.J. 2011) ...........................9

Younger v. Harris,
    401 U.S. 37 (1971) .......................................4-6


**Federal Statutes**

28 U.S.C. § 1331 ............................................7


**New Jersey Statutes**

N.J.S.A. 10:6-2 .............................................8

N.J.S.A. 40A:14-118 ........................................7


**Federal Rules**

Fed. R. Civ. P. 12 .........................................2

## STATEMENT OF FACTS

On August 16, 2018, plaintiff, Lee Kenworthy, filed the present suit in the U.S. District Court on August 16, 2018, naming as defendants the Lyndhurst Police Department, Officer Philip Reina, Police Officer Haggerty, Lyndhurst Chief of Police James O'Connor, Sergeant Richard Pizzuti, Lyndhurst Township Ambulance Squad, and the Township of Lyndhurst (collectively referred to as the "Lyndhurst Defendants"). **Certification of Harry D. Norton, Jr., Esq. ("Certification"), Exhibit "A" (Complaint).** As to the Lyndhurst Defendants, plaintiff, a New Jersey resident, sets forth claims of negligence and wrongful death arising from the death of his wife, Shayling Kenworthy. **Id.** Plaintiff alleges that he and his wife rented an apartment in the Township of Lyndhurst from defendants Robert Martin, Ann Martin, Richard Anderson and Lauren Anderson, and that due to the conditions of that apartment, the decedent, on August 17, 2016, suffered an asthma attack and subsequently was pronounced dead at Meadowlands Medical Center. **Id.**

As to the individual causes of action set forth against the defendants, there are no allegations that give rise to a federal cause of action, and no jurisdiction in the District Court, as set forth at length below. Further, plaintiff has already filed a Complaint in the New Jersey Superior Court, arising from the same incident. **Certification, Exhibit "B" (Complaint).**

Plaintiff's Complaint was dismissed without prejudice pursuant to <u>N.J. Court Rule</u> 4:23-5.    Therefore, for the reasons set forth herein, it is submitted that the plaintiff's Complaint against the Lyndhurst defendants be dismissed with prejudice.

<u>**LEGAL ARGUMENT**</u>

I.

**THE DISTRICT COURT DOES NOT HAVE JURISDICTION AND THE COMPLAINT MUST BE DISMISSED.**

The Complaint must be dismissed for lack of jurisdiction, pursuant to <u>Fed. R. Civ. P.</u> 12(b)(1).   The allegations set forth in the Complaint are identical to those plaintiff has already filed in the New Jersey Superior Court. **Certification, Exhibit "B"**. As set forth at length below, the District Court cannot assert jurisdiction over these matters while the claims are being addressed in the appropriate venues on the State level. Consequently, subject matter jurisdiction is lacking and the Complaint against the Lyndhurst Defendants must be dismissed as a matter of law. The District Court also lacks jurisdiction in this matter, as plaintiff's stated grounds for jurisdiction in the Complaint that the U.S. Government is a defendant, does not apply. **Certification, Exhibit "A"**.   A motion to dismiss brought pursuant to <u>Rule</u> 12(b)(1) is treated as either a "facial or factual challenge." <u>Gould Electronics, Inc. v. United</u>

States, 220 F.3d 169, 176 (3d Cir. 2000). A facial attack challenges the legal sufficiency of the claim, and a Court considers only the allegations in the complaints and attachments referenced in the complaint in the light most favorable to the plaintiff. Id. In a factual attack, such as being made in the present case, "'the challenge is to the actual alleged jurisdictional facts'" Edelglass v. New Jersey, 2015 U.S. Dist. LEXIS 5320 (D.N.J. Jan. 16, 2015), at *13 quoting Liafom, LLC. v. Big Fresh Pictures, 2011 U.S. Dist. LEXIS 95251, 2011 WL 3841323 Civ. No. 10-0606 (D.N.J. Aug. 24, 2011).

A.   THE UNITED STATES GOVERNMENT IS NOT A DEFENDANT.

Plaintiff states that grounds for jurisdiction in the District Court arise as the U.S. Government is a defendant to the suit. **Certification, Exhibit "A".** The U.S. Government is not a party to this action and, therefore, the stated grounds for jurisdiction do not exist.

B.   THE DISTRICT COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION PURSUANT TO THE COLORADO RIVER DOCTRINE.

In Colorado River Water Conservation District v. United States, the United States Supreme Court held that the federal court should abstain from exercising jurisdiction where a duplicative matter is being litigated in state court. 424 U.S. 800, 818-819 (1976). Plaintiff has filed a suit arising out of the same action, and pursuing the same causes of action in the

Superior Court of New Jersey. **Certification, Exhibit "B".** The

Supreme Court held in the <u>Colorado River</u> decision that,

> [i]n assessing the appropriateness of
> dismissal in the event of an exercise of
> concurrent jurisdiction, a federal court may
> also consider such factors as the
> inconvenience of the federal forum, cf. <u>Gulf
> Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947);
> the desirability of avoiding piecemeal
> litigation, cf. <u>Brillhart v. Excess Ins.
> Co.</u>, 316 U.S. 491, 495 (1942); and the order
> in which jurisdiction as obtained by the
> concurrent forums, <u>Pacific Live Stock Co. v.
> Oregon Water Bd.</u>, 241 U.S. 440, 447 (1916).
> No one factor is necessarily determinative…

<u>Id.</u> at 818. As set forth at length below, there are no grounds

for jurisdiction against the Lyndhurst defendants per the causes

of action pleaded. However, assuming *arguendo*, grounds existed,

the <u>Colorado River</u> doctrine warrants abstention and dismissal of

the federal court complaint.

C.    THE <u>YOUNGER</u> ABSTENTION DOCTRINE REQUIRES DISMISSAL OF THE COMPLAINT.

The doctrine of <u>Younger</u> abstention requires dismissal of

plaintiff's claims, since a ruling on these issues, and granting

interlocutory relief, would interfere with the state

proceedings. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Under the

<u>Younger</u> abstention doctrine, a "federal district court has

discretion to abstain from exercising jurisdiction over a

particular claim where resolution of that claim in federal court

would offend principles of comity by interfering with ongoing

state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005), citing Younger, 401 U.S. 37. The doctrine "reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Gwynedd Properties, Inc. v Lower Gwynedd Township, 970 F.2d 1195, 1200 (3d Cir. 1992), quoting Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Under the Younger doctrine, abstention is appropriate where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Id. Even if all elements are met, abstention would not be appropriate "if the state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances, such as where the state proceedings are based on a flagrantly unconstitutional statute." Id., citing Middlesex County Ethics Committee, 457 U.S. at 435. Furthermore, where federal proceedings parallel, but do not interfere, with the state proceedings, Younger abstention may not be appropriate. Id. at 1201. An example would be if a plaintiff seeks prospective relief in federal court without seeking to annul prior state court judgments or effect of those judgments. Id.

These exceptions to the doctrine do not exist in the present matter.

Initially, there is no dispute that there is a Complaint pending in the Superior Court arising out of the same incident, and alleging the same causes of action. Therefore, the first prong of the doctrine is met in this matter.

The second prong, whether the state proceedings implicate important state interests, is also satisfied in this matter, as the all causes of action alleged arise under the New Jersey Constitution and New Jersey common law.

With respect to the third and final element, plaintiff has raised his constitutional claims in the state proceedings. He has not raised any federal questions that would warrant the exercise of jurisdiction in the District Court.

All the prerequisites for application of the <u>Younger</u> abstention doctrine have been met in this matter, and there are no exceptions which would apply to require the District Court to exercise jurisdiction. The present litigation would interfere with the state court. The <u>Younger</u> doctrine requires that the District Court abstain from exercising jurisdiction in this matter to avoid interference with the state judicial proceedings.

## II.

## THERE IS NO FEDERAL QUESTION ALLEGED IN THE ORIGINAL COMPLAINT THAT WOULD GIVE RISE TO JURSIDICTION.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has not pleaded any causes of action arising under federal law against the Lyndhurst defendants. All allegations arise under New Jersey common law or the New Jersey Constitution. Consequently, there is no original jurisdiction due to a federal question in the district court, and the Complaint must be dismissed as a matter of law.

### A.   FIRST COUNT.

The First Count of the Complaint does not set forth any allegations against the Lyndhurst defendants, and only sets forth causes of action against the Martin defendants and the Anderson Defendants. **Certification, Exhibit "A" (Complaint, First Count).** Further, the cause of action sets forth allegations of recklessness and negligence, which are state common law claims.

### B.   SECOND COUNT.

The Second Count of the Complaint alleges that all defendants acted palpably unreasonable, reckless, and negligent,

and the defendants' actions caused pain and suffering and the death of plaintiff's wife. The Count sets forth a state law claim, and does not set forth a federal cause of action.

C.   THIRD COUNT.

The Third Count of the Complaint alleges allegations against the individually named police officers for violations of the New Jersey State Constitution, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2. There are no federal causes of action set forth in the matter, and the Third Count does not give rise to original jurisdiction over the Lyndhurst Defendants in the District Court.

D.   FOURTH COUNT.

The Fourth Count of the Complaint alleges the defendant, Housing Authority of Bergen County, was negligent. It does not set forth a causes of action arising under federal law.

E.   FIFTH COUNT.

The Fifth Count of the Complaint alleges negligence against defendant Adapt Pharma-Producer of Naloxene, and does not set forth a cause of action arising under federal law.

III.

**THE LYNDHURST POLICE DEPARTMENT IS AN IMPROPER DEFENDANT.**

Plaintiff has named the "Lyndhurst Police Department" as a direct defendant, but under New Jersey law, a municipality's police department is not an entity separate from the

8

municipality. N.J.S.A. 40A:14-118 ("The governing body of any municipality, by ordinance, may create and establish, as an executive and enforcement function of municipal government, a police force, whether as a department or as a division, bureau or other agency thereof…"). See also Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 430 (D.N.J. 2011) ("For purposes of section 1983 liability, municipalities and its police departments are treated as a 'single entity.'" (citation omitted)); Padilla v. Twp. of Cherry Hill, 110 Fed. App'x 272, 278 (3d Cir. 2004) ("[P]olice departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."(citation and internal quotation marks omitted)). Consequently, the Lyndhurst Police Department is an improper defendant and must be dismissed as a matter of law.

## CONCLUSION

For the aforementioned reasons, it is submitted that the Motion to Dismiss be granted, and that an Order entered dismissing plaintiff's Complaint with prejudice.

_____
HARRY D. NORTON, JR., ESQ.

Dated: November 13, 2018

9