Gregory J. Irwin, Esq. - # 23531979
girwin@harwoodlloyd.com
Harwood Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601
(201) 487-1080
Attorneys for Defendants, Robert Martin, Ann Martin, Richard Anderson and Lauren Anderson

DOCUMENT ELECTRONICALLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Plaintiff*<br>**LEE KENWORTHY as the administrator of the ESTATE OF SHAYLING KENWORTHY and LEE KENWORTHY, individually,**<br><br>vs.<br><br>*Defendants*<br>**LYNDHURST POLICE DEPARTMENT; POLICE OFFICER PHILLIP REINA, in his individual capacity; POLICE OFFICER HAGGERTY, in his individual capacity, LYNDHURST POLICE OFFICER PHILLIP REINA, in his individual capacity; SERGEANT RICHARD PIZZUTI, in his individual capacity; LYNDHURST TOWNSHIP AMBULANCE SQUAD; TOWNSHIP OF LYNDHURST; ROBERT MARTIN; ANN MARTIN; RICHARD ANDERSON; LAUREN ANDERSON; HOUSING AUTHORITY OF BERGEN COUNTY; ADAPT PHARMA—Distributor of Naloxene** | CASE NO. 2:18-cv-12822- MCA-JAD<br><br>CIVIL ACTION<br><br>**MOTION RETURN DATE:<br>AUGUST 5, 2019** |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
CONTINUANCE AND MOTION FOR DISCOVERY**

Gregory J. Irwin, Esq.
   Of Counsel

Paul E. Kiel, Esq.
   On the Brief

4011273_1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………...….…ii

PRELIMINARY STATEMENT……………………………...……………………….1

STATEMENT OF FACTS……………………………………………………………3

ARGUMENT

    POINT I

      PLAINTIFF'S MOTIONS ARE PROCEDURALLY DEFICIENT………5

    POINT II

    PLAINTIFF'S "MOTION FOR CONTINUANCE" MUST BE DENIED…6

    POINT III

    PLAINTIFF'S "MOTION FOR DISCOVERY" MUST DENIED……….11

CONCLUSION……………………………………………………..………..……….13

# TABLE OF AUTHORITIES

Cases

*Baker v. Accounts Receivables Mgmt.*,
    292 F.R.D. 171 (D.N.J. 2013)..................................................................6

*CBG Occupational Therapy v. RHA Health Servs.*,
    357 F.3d 375 (3d Cir. 2004)..................................................................9

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997).........................................................12

*Gasper v. Kassm*,
    393 F.2d 964 (3d Cir. 1974)..................................................................9

*Ghaffari v. Wells Fargo Bank NA*,
    621 Fed. Appx. 121 (3d Cir. 2015).............................................12

*In re Am. Metrocom Corp.*,
    196 Fed. Appx. 86 (3d Cir. 2006)..................................................................6

*Neitzke v. Williams*,
    490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).....................12

*Sykes v. Blockbuster Inc.*,
    2006 U.S. Dist. LEXIS 4720 (D.N.J. 2006).........................................6

*Vega v. Miller*,
    2013 U.S. Dist. LEXIS 32015 (E.D. Pa. 2013)...................................6

Statutes:

28 *U.S.C.* § 1746...........................................................................................5

Court Rules:

*Fed. R.Civ. P.* 12..........................................................................................3,12

*Fed. R.Civ. P.* 23..........................................................................................12

*Fed. R.Civ. P.* 26..................................................................................12

*L.Civ. R.* 7.1.......................................................................................,........5

*L.Civ. R.* 7.2.......................................................................................,........5

## PRELIMINARY STATEMENT

This brief is submitted on behalf of Defendants Robert Martin and Ann Martin (collectively "the Martin Defendants") and Defendants Richard Anderson and Lauren Anderson (collectively "the Anderson Defendants") in opposition to the applications embodied in documents entitled "Motion for Continuance" and "Letter/Motion for Discovery" filed by Plaintiff Lee Kenworthy ("Plaintiff").

Plaintiff brings this action *pro se* as administrator of the Estate of Shayling Kenworthy ("Decedent") and individually. He filed this on August 14, 2018. After the various Defendants, including the Martin Defendants and the Anderson Defendants, filed motions to dismiss Plaintiff's initial complaint for lack of jurisdiction, Plaintiff made a number of filings that were clearly calculated to delay the Court's adjudication of Defendants' motions to dismiss. In one of these submissions, filed in January 2019, Plaintiff represented that an attorney would be representing him in this action within a week or so. No attorney, however, has ever appeared on Plaintiff's behalf in this action.

Plaintiff eventually filed a Motion for Leave to File an Amended Complaint. Defendants opposed the motion. Nevertheless, the Court granted the motion and directed Defendants to file motions to dismiss Plaintiff's Amended Complaint by July 5, 2019. Days before this deadline, Plaintiff filed the so called "Motion for Continuance" and the "Letter/Motion for Discovery", the application opposed in

1

0

this brief. Plaintiff's present applications must be denied for a number of reasons that are detailed in the ARGUMENT below. The major reasons are as follows:

First, Plaintiff's present applications are merely another attempt to delay the adjudication of Defendants' motions to dismiss. In light of the history of Plaintiff's bad faith employment of a number of dilatory tactics in this matter, it is respectfully submitted that the Court should not tolerate yet another.

Second, Plaintiff's present applications are procedurally defective in that they were not filed according to the applicable court rules. Most problematic is that fact that Plaintiff makes numerous assertions of fact in his "Motion for Continuance" and "Letter/Motion for Discovery" without a declaration under penalty of perjury or similar certification and has not even signed the application. Plaintiff's *pro se* status does not excuse his violation of court rules.

Third, Plaintiff bases his "Motion for Continuance" on his claim that he has retained an attorney, Lee Merritt, Esq., to represent him in this action. Yet Plaintiff presents no documentation in support of this assertion. Nor has Mr. Merritt filed anything in this action that would evidence his representation of Plaintiff. In light these facts and the long history of Plaintiff's employment of delaying tactics in this action, Plaintiff's assertions with regard to his retention of Mr. Merritt lack credibility.

Fourth, Plaintiff's "Motion for Discovery" must be denied since Defendants

have moved to dismiss Plaintiffs' Amended Complaint under *F.R.C.P.* 12(b)(6) and the Rule is designed to streamline litigation by dispense with needless discovery. Thus, discovery should take place only if and when the Court decides that this action survives Defendants' motions.

## STATEMENT OF FACTS

Plaintiff brings this action as administrator of Decedent's estate and individually. *See* ECF No. 1; ECF No. 30. Plaintiff initiated this action by filing a Complaint in this Court on August 14, 2018. *See* ECF No. 1.

On November 11, 2018, a Motion to Dismiss in Lieu of an Answer was filed on behalf of Defendants Lyndhurst Police Department, Police Officer Phillip Reina, Police Haggerty, Sergeant Richard Pizzuti, Lyndhurst Ambulance Squad and the Township of Lyndhurst (collectively "the Lyndhurst Defendants"). *See* ECF No. 6. On November 16, 2018, a similar Motion to Dismiss was filed on behalf of the Martin Defendants. *See* ECF No. 7. On November 19, 2018 and November 20, 2018 Plaintiff filed documents for an automatic extension of time of time to file opposition to motions to dismiss on behalf of the Lyndhurst Defendants and the Martin Defendants. *See* ECF Nos. 11 and 13. Additional motions to dismiss were filed on behalf of Defendant Housing Authority of Bergen County ("the Housing Auth."), Defendant Adapt Pharma, Inc. ("Adept") and the Anderson

3

Defendants on December 4, 2018, December 12, 2018 and December 11, 2012 respectively. *See* Nos. 14, 15 and 16.

On December 28, 2018, two days after his opposition to the various motions to dismiss were due, Plaintiff filed a Motion for "Emergent Meeting/in Chambers On Camera/In Court On Records/Judges Discretion upon certain matters raised & decision confidentially may take effect surrounding federal protection ordered requested/granted" along with a request for a 60 day extension. *See* ECF No.17. The motion was denied by the Letter Order of the Hon. Madeline Cox Arleo, U.S.D.J. dated January 3, 2019. *See* ECF No. 18.

On January 7, 2019 Plaintiff's filed motions for continuance of each of the Pending motions to dismiss. *See* ECF Nos. No. 19-23, 25. Requesting a 30 to 60 day extension of time to respond to the motions to dismiss, Plaintiff represented that an attorney would be representing him within a week or so. *See* ECF Nos. No. 19-23, 25. Counsel for Adapt and the undersigned objected to Plaintiff's application. *See* ECF No. 24, 26. Judge Arleo, however, allowed Plaintiff until February 15, 2019 to respond to the Motions to Dismiss. *See* ECF No. 27.

On January 18, 2019, Plaintiff filed a *pro se* Motion for Leave to File an Amended Complaint as a *pro se* litigant. *See* ECF No. 30. Defendants filed opposition to Plaintiff's Motion. *See* ECF Nos. 34-37, 40. On June 7, 2019, Judge Arleo entered an order granting Plaintiff leave to file an Amended Complaint. *See*

4

ECF No. 41. The order directed Defendants to file new motion to dismiss in response to the Amended Complaint on or before July 5, 2019. *See Ibid.*

Accordingly, Defendants filed motions to dismiss Plaintiff's Amended Complaint. *See* ECF Nos. 43-46. Days before these motions were filed, Plaintiff filed a document entitled "Letter/Motion for Discovery" on June 25, 2019 and a document entitled "Motion for Continuance" on June 27, 2019. *See* ECF Nos. 42, 49. Additionally, Plaintiff has served of interrogations. *See* ECF Nos. 47 & 48.

This brief is filed in opposition to Plaintiff's "Letter/Motion for Discovery" and "Motion for Continuance."

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTIONS ARE PROCEDURALLY DEFICIENT.

*L.Civ. R.* 7.1 (d)(1) requires that a motion be supported by a brief with the motion day noted on the cover page. The documents that purport to be "motions" filed by Plaintiff are not accompanied by brief and do not contain a notation of any motion date. *See* ECF Nos. 42, 49. More egregious is the fact that the "motions" contain numerous assertions of fact made without a declaration under penalty perjury pursuant 28 *U.S.C.* § 1746 or any similar certification or affirmation as contemplated by *L.Civ. R.* 7.2(a). *See* ECF Nos. 42, 49. Plaintiff did not even bother to sign the "motions" in questions. *See ibid.* Apparently,

5

Plaintiff expects the Court to accept his rambling assertions of fact at face value.

The undersigned is cognizant that Plaintiff is a *pro se* litigant. Plaintiff's pro se status, however, does not absolve him from the obligation to comply with court rules. *See e.g. Baker v. Accounts Receivables Mgmt.*, 292 F.R.D. 171, 177-178 (D.N.J. 2013). While this court has recognized that *pro se* plaintiffs deserve the benefit of the doubt, the disregarding of court rules is not tolerated. *Sykes v. Blockbuster Inc.*, 2006 U.S. Dist. LEXIS 4720, *4-5 (D.N.J. 2006). *Pro se* litigants are required to inform themselves of the rules and abide by them. *Vega v. Miller*, 2013 U.S. Dist. LEXIS 32015, *6 n. 7 (E.D. Pa. 2013), *citing In re Am. Metrocom Corp.*, 196 Fed. Appx. 86, 87-88 (3d Cir. 2006).

Plaintiff has flouted the Rules of Court throughout the litigation of this action and should not be rewarded for doing so with regard to the "motions" in question.

## POINT II

## PLAINTIFF'S "MOTION FOR CONTINUANCE" MUST BE DENIED.

Plaintiff's "Motion for Continuance" is just the latest delaying tactic employed by Plaintiff in his attempt to avoid dismissal of this action.

Plaintiff filed his initial Complaint in this action on August 14, 2018, almost a year ago. *See* ECF No. 1. After the Lyndhurst Defendants and the Martin Defendants filed each filed a Motions to Dismiss in Lieu of an Answer (*See* ECF

6

Nos. 6 & 7), Plaintiff filed documents for an automatic extension of time of time to file opposition to the motions. *See* ECF Nos. 11 and 13. This extension of time made the motions returnable on January 7, 2019. Additional motions to dismiss filed thereafter on behalf of the Housing Auth., Adept and the Anderson Defendants were also made returnable on January 7, 2018. *See* ECF Nos. 14, 15 and 16.

Thereafter, Plaintiff's dilatory tactics to avoid dismissal of his Complaint began. On December 28, 2018, ***two days after*** his opposition to the various motions to dismiss were due, Plaintiff filed his so-called Motion for "Emergent Meeting/in Chambers On Camera/In Court On Records/Judges Discretion upon certain matters raised & decision confidentially may take effect surrounding federal protection ordered requested/granted" along with a request for a 60 day extension. *See* ECF No.17. Judge Arleo denied the motion on January 3, 2019. *See* ECF No. 18.

Plaintiff's next move was to file motions for continuance of each of the Pending motions to dismiss. *See* ECF Nos. No. 19-23, 25. Requesting a 30 to 60 day extension of time to respond to the motions to dismiss, Plaintiff represented that an attorney would be representing him within a week or so. *See* ECF Nos. No. 19-23, 25. Counsel for Adapt and the undersigned objected to Plaintiff's application. *See* ECF No. 24, 26. Nevertheless, the Judge Arleo generously

7

allowed Plaintiff until February 15, 2019 to respond to the Motions to Dismiss. *See* ECF No. 27. The attorney purportedly retained by Plaintiff never entered an appearance.

With the February 15th deadline approaching, Plaintiff completely and abruptly changed course and filed a Motion for Leave to File an Amended Complaint (*See* No. ECF 30 ) *pro se* after obtaining a substantial extension of time to file opposition to various motions to dismiss based on a representation that an attorney would be entering an appearance on his behalf shortly. Thus, not only has Plaintiff engaged on in dilatory tactics in the face of Defendants' Motions to Dismiss, he exhibited bad faith by misleading the Court in to granting an extension of time to oppose the motions based on the representation that he would be represented by counsel.

Judge Arleo's June 7, 2019 order granting Plaintiff leave to file an Amended directed Defendants to file new motion to dismiss in response to the Amended Complaint on or before July 5, 2019. *See* ECF No. 41. Days before the Court's deadline for the filing of the motions to dismiss Plaintiff's Amend Complaint, Plaintiff filed his "Letter/Motion for Discovery" and his "Motion for Continuance" on June 27, 2019. *See* ECF Nos. 42, 49. These filings were obviously intended to delay the adjudication of the motions to dismiss Plaintiff's Amended Complaint.

Plaintiff's pattern of employing a number of delaying tactics to thwart Defendants' right to a fair adjudication of their applications to dismiss Plaintiff's initial Complaint, and now his Amended Complaint, constitutes bad faith. An application for a continuance that is "'motivated by procrastination, bad planning or bad faith" must be denied. *CBG Occupational Therapy v. RHA Health Servs.*, 357 F.3d 375, 390 (3d Cir. 2004), *quoting Gasper v. Kassm*, 393 F.2d 964, 969 (3d Cir. 1974).

As to the contents of Plaintiff's "Motion for Continuance", Plaintiff presents no documentary evidence to prove any of his factual assertions. He represents that he has retained Lee Merritt, Esq. to present him in this matter. *See* ECF No. 49, p. 1. Yet he presents no document that evidences the fact. Plaintiffs' claim that he paid $5,000 to Mr. Merritt to retain him (*See ibid.*) is not evidenced by a copy of a check, a receipt or any other document. Moreover, Plaintiff alleged trip to Dallas to confer with Mr. Merritt (*See* ECF No. 49, p. 2) is not documented by a copy of an airline ticket or other any other evidence of Plaintiff's trip. Most importantly, neither Mr. Merritt nor his office has filed anything with the Court to indicate that Mr. Merritt will be representing Plaintiff in this matter. Plaintiff claims that Mr. Merritt is "extremely busy." *See* ECF No. 49, p. 1. But it is reasonable to believe an attorney as accomplished as Plaintiff describes Mr. Merritt to be would not submit anything to the Court after being retained by Plaintiff and receiving a

9

$5,000 retainer?

Given the lack of any documentary evidence and the fact that Plaintiff has previously sought an extension of time with the unfulfilled promise that an attorney would be representing him within a week or so. (*See* ECF Nos. No. 19-23, 25), it is respectfully submitted that the Court should look askance at the factual assertions in Plaintiff's "Motion for Continuance."

Furthermore, it is quite ironic that Plaintiff accuses Defendants of "playing games" with the Court and of "egregious violations of court procedures process [sic] and regulations." *See* ECF No. 49, pp. 1, 3. Rather, it is Plaintiff who has obstructed the adjudication of this matter by his dilatory tactics and failure to follow the Court's rules as discussed above. While Plaintiff's own sense of justice may cause him to disapprove of Defendants' efforts to dismiss his initial Complaint and now his amended Complaint, Defendants had every right to do so under the Rules of Court and applicable law.

Finally, there is a blatant inconsistency in Plaintiff's "Motion for Continuance." While Plaintiff seeks a continuance of two months to an "undetermined time" so that Mr. Merritt can make an appearance (*See* ECF No. 49, p. 1), he complains of an "unjust delay" in the adjudication of this matter. *See id.*, p. 2. The record shows that delay in the adjudication of the action has been the results of Plaintiff's own tactics.

For all these reasons, it is respectfully submitted that Plaintiff's "Motion for Continuance" should be denied. We also adopt by reference any argument made on behalf of any other Defendant in opposition to the application that is not expressed herein.

## POINT III

### PLAINTIFF'S "MOTION FOR DISCOVERY" MUST DENIED.

Plaintiff's "Letter/Motion for Discovery" is another tactic designed to delay to adjudication of Defendants' Motions to Dismiss Plaintiff's Amended Complaint. While it not an application for a continuance *per se*[1], if the motion was granted, it would have the effect of delaying the Court's decision on Defendants' motion.

Plaintiff is wrong in contending that the Court must allow for discovery and Mr. Merritt's appearance as Plaintiff's counsel before entertaining Defendants motions to dismiss. *See* ECF No. 42, p. 1. The reasons why the proceedings in this action should not be delayed pending Mr. Merritt's appearance are addressed in POINT II above.

As for Plaintiff's application for discovery, discovery should be conducted

---

[1] Apparently, the contents of Plaintiff's "Motion for Continuance" were somehow appended to his "Letter/Motion for Discovery"(ECF No. 42). Except the heading, the contents of the last pages of the ECF No. 42 are identical to the contents of Plaintiff's "Motion for Continuance." *Compare* ECF No. 42, pp. 4-6 with ECF No. 49.

11

only after Defendants' motions to dismiss are decided and only if this action survives the motions. The Defendants' motions were made under *F.R.C.P.* 12(b)(6). The Third Circuit has observed that:

> [T]he purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding," *See Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), and motions to dismiss filed under that Rule should typically "be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

*Ghaffari v. Wells Fargo Bank NA*, 621 Fed. Appx. 121, 124 (3d Cir. 2015).

Additionally, Plaintiff service of interrogations (*See* ECF Nos. 47 & 48) is improperly premature. Under *F.R.C.P.* 23(d), no party may "seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, the Court has not scheduled a Rule 16 conference, and this the parties have not conferred.

Finally, in has "Letter/Motion for Discovery" Plaintiff urges the court to permit discovery in order to end delay in the litigation of this action. *See* ECF No. 42, pp. 1, 2, 3. As this discussed above, the delay has resulted from the tactics of Plaintiff himself calculated to forestall the adjudication of the various motions to dismiss. Allowing discovery will only add to the delay. Moreover, Plaintiff's "Motion for Continuance" in which he seeks a further delay in this action is

inconsistent with his complaints about delay made in his "Letter/Motion for Discovery."

For all these reasons, it is respectfully submitted that Plaintiff's "Motion for Discovery" should be denied. We also adopt by reference any argument made on behalf of any other Defendant in opposition to the application that is not expressed herein.

## CONCLUSION

It is respectfully submitted that because Plaintiff's so-called "Motion for Continuance" and "Motion for Discovery" must be denied and Defendants' motions to dismiss Plaintiff's Amended Complaint should be adjudicated.

>HARWOOD LLOYD, LLC
>130 Main Street
>Hackensack, New Jersey 07601
>Phone: (201) 487-1080
>
>By: *s/ Gregory J. Irwin*
>GREGORY J. IRWIN, ESQ.
>Email: girwin@harwoodlloyd.com

Dated: August 2, 2019

13